UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

Allen Wolfson,

                Petitioner,

      - against -              11 Civ. 7914 (JGK)
                             11 Civ. 7922 (JGK)

United States of America,

                Respondent.      MEMORANDUM OPINION AND
                                 ORDER
─────────────────────────────────


JOHN G. KOELTL, District Judge:

      The petitioner, Allen Wolfson, proceeding pro se, seeks to vacate or set aside his convictions pursuant to 28 U.S.C. § 2255.  On May 26, 2010, this Court sentenced the petitioner to 100 months imprisonment after a jury convicted him of one count of conspiracy to commit securities fraud, wire fraud, and a violation of the Travel Act involving commercial bribery, in violation of 18 U.S.C. § 371; six counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; and two counts of wire fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2.  This Court also sentenced the petitioner to a term of 104 months imprisonment, to run concurrently with the 100-month sentence, based on the petitioner's guilty plea to two counts contained in a separate indictment: one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; and one count of securities

fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2.

The petitioner's convictions after his jury trial arises from a scheme in which he participated to manipulate the price of five stocks through various means, and to reward stock brokers with exorbitant commissions for having sold the stock. Some of the brokers failed to disclose the commissions to their customers while others made misrepresentations about the size of the commissions.  United States v. Wolfson, 642 F.3d 293, 294 (2d Cir. 2011) (per curiam).  The petitioner in his guilty plea admitted to manipulating the stock of a different company in order to defraud investors.  Id.

The petitioner appealed his convictions and the Court of Appeals for the Second Circuit affirmed the convictions.  Id. The petitioner has completed his term of imprisonment and is now in the process of completing his term of supervised release.  He has filed the current petition for habeas corpus seeking to vacate his convictions on several bases.  For the reasons explained, the petition is denied.

**I.**

Where a habeas petitioner is a pro se litigant, the Court shall "read his supporting papers liberally, and will interpret them to raise the strongest arguments [that] they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citation omitted).  The petitioner's papers appear to raise five claims. First, the petitioner argues that the Indictment and jury charge at trial were defective because he never owed a fiduciary duty to anyone.  Second, he argues that his trial counsel was ineffective.  Third, the petitioner argues that, at trial, the Government withheld twenty-five tapes, in violation of its Brady obligations.  Fourth, he asserts that the Government failed to establish that any investors lost money.  Fifth, the petitioner argues that his convictions should be vacated because he was incompetent at the time of his trial and plea.

Because each of the petitioner's arguments is without merit, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **denied**.

**1.**

First, the petitioner argues that the Indictment and jury charge at trial were defective because he never owed a fiduciary duty to anyone.  The petitioner argues in particular that the

3

commercial bribery statute in New York did not apply to him because he was never a stockbroker but a stock promoter. He alleges that he never owed a fiduciary duty to anyone. (Mot. Vacate at 5-6, 11 Civ. 7922, Nov. 4, 2011, ECF No. 1.) This argument is procedurally barred and is without merit.

Under 28 U.S.C. § 2255, a federal court can entertain an application for a writ of habeas corpus brought by "a prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Therefore, collateral relief from a final criminal judgment is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1985) (internal quotation marks and citations omitted).

Furthermore, a § 2255 motion is "not a substitute for a direct appeal." Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (internal quotation marks and citations omitted). A § 2255 motion "may not relitigate issues that were raised and considered on direct appeal." United States v. Perez, 129 F.3d 225, 260 (2d Cir. 1997) (citation omitted); see also United

4

States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1997) (per curiam)
("[O]nce a matter has been decided adversely to a defendant on
direct appeal it cannot be relitigated in a collateral attack")
(citations omitted).  Nor can a petitioner raise claims in a
§ 2255 petition that "he failed to raise on direct appeal unless
he shows cause for the omission and prejudice therefrom," Perez,
129 F.3d at 260 (citation omitted), or "actual innocence,"
Rosario, 164 F.3d at 732 (citation omitted).  An example of such
cause is "where the issues were not raised at all on direct
appeal due to the ineffective assistance of counsel."  Perez,
129 F.3d at 260 (internal quotation marks and citations
omitted).

    To the extent that the petitioner's argument is that his
convictions should be vacated because he never owed a fiduciary
duty to anyone, the argument is foreclosed because there is no
reason that this argument could not have been raised on direct
appeal, and the petitioner has failed to show cause why it was
not raised.  In any event, the argument is without merit.

    The Indictment did not charge that the petitioner owed a
fiduciary duty to anyone.  Rather, Count One of the Indictment
charged the petitioner with a conspiracy, in violation of 18
U.S.C. § 371, to violate several different statutes, including
the Travel Act, 18 U.S.C. § 1952(a)(3).  The Court instructed

5

the jury that the substantive crime that was the alleged object
of the Travel Act violation was commercial bribery in violation
of New York Penal Law.  (Trial Tr. ("Tr.") 1935, 1950.)  The
Court specifically instructed the jury that the elements of
commercial bribery, which was the object of the Travel Act
violation, which was in turn one of the objects of the
conspiracy, required the Government to prove that the defendant
conferred, offered, or agreed to confer a benefit upon a person
who was the agent or fiduciary of another.  (Tr. 1950.)  It was
not the defendant who allegedly owed a fiduciary duty to anyone,
but rather the brokers who received bribes who owed fiduciary
duties to their customers.

Similarly, the Indictment charged that securities fraud, in
violation of 15 U.S.C. §§ 78j(b) and 78ff, and wire fraud, in
violation of 18 U.S.C. §§ 1343 and 1346, were objects of the
conspiracy.  The petitioner was also charged with substantive
violations of these statutes and aiding and abetting violations.
The Government did not contend that the petitioner himself made
false representations to investors or directly concealed facts
from investors, but rather that he participated in a scheme with
others in which they intended to defraud investors by having
brokers engage in fraudulent conduct toward investors, and that

he aided and abetted violations of the statutes.  (Tr. 1907, 1919, 1925-27.)

In affirming the petitioner's convictions, the Court of Appeals rejected the petitioner's argument that the brokers had no duty to disclose the exorbitant commissions.  Wolfson, 642 F.3d at 294-95.  The Court of Appeals held, "the jury was entitled to find that the brokers in this case had a duty to disclose their exorbitant commissions, just as they had a duty to refrain from making affirmative misrepresentations regarding the size of their commissions, and that the district court properly instructed the jury on the elements of that duty."  Id.

To the extent that the petitioner is complaining that the Court failed to instruct the jury correctly on the fiduciary duty that the brokers owed to their customers, this argument was specifically rejected by the Court of Appeals, and the charge was found to be proper.  Id. at 295-96.  The Court of Appeals further explicitly rejected the petitioner's contention that his trial counsel was ineffective for failing to object to this Court's instruction on fiduciary duty, because there was no error in the jury instruction and there could have been no ineffective assistance in failing to object to it.  Id. at 296 n.1.  Accordingly, the petitioner's first claim for relief is **denied**.

**2.**

Second, the petitioner argues that his trial counsel was ineffective.  The argument is also without merit.

The petitioner asserts three bases for his ineffective assistance of counsel claim.  First, he argues that his trial counsel should have moved to dismiss the Indictment because it was defective regarding the issue of fiduciary duty.  Second, he argues that his counsel should have objected more at trial. Third, he contends that, because his counsel was a former attorney for the Securities and Exchange Commission, his trial counsel had a conflict of interest.

"Generally, a claim of ineffective assistance of counsel must satisfy the two-prong test of [Strickland v. Washington, 466 U.S. 668 (1984)]: (i) the performance of counsel was so deficient it was not within the range of competence demanded of attorneys, and (ii) the deficiency of counsel was prejudicial to the defense." Elfgeeh v. United States, 681 F.3d 89, 92 (2d Cir. 2012) (internal quotation marks omitted).

The petitioner's argument that his counsel was ineffective for having failed to move to dismiss the Indictment because it depended on an incorrect theory of fiduciary duty is without merit.  The Indictment correctly charged the offenses, and the Court of Appeals specifically found that the petitioner's trial

counsel was not ineffective for having failed to object to this Court's instructions to the jury on fiduciary duty.  See Wolfson, 642 F.3d at 296 n.1.

The petitioner's second basis for his ineffective assistance of counsel claim is also without merit because, while the petitioner claims that his counsel should have objected more during trial, he does not explain what specific objections should have been made, nor how, because the objections were not made, he was prejudiced in any way.  In order to succeed on a claim that counsel was ineffective by failing to object, a petitioner must posit a meritorious objection.  See, e.g., Gueits v. Kirkpatrick, 612 F.3d 118, 124 (2d Cir. 2010) (rejecting ineffective assistance of counsel claim for failure to object "because it was reasonable [for trial counsel] to conclude that any such objection would have been overruled by the trial court in this case"); United States v. O'Neil, 118 F.3d 65, 72-74 (2d Cir. 1997) (holding no prejudice where the objections that petitioner claims should have been made would have been meritless); United States v. DiPaolo, 804 F.2d 225, 234 (2d Cir. 1986) (no ineffective assistance where attorney failed to make an objection that "appears without merit"); Loving v. O'Keefe, 960 F. Supp. 46, 50 (S.D.N.Y. 1997) ("Counsel's failure to make objections during the trial is . . .

a tactical decision.  A reasonable attorney might well choose
not to antagonize the jury by making unnecessary objections.
Furthermore, [the] petitioner does not point to any evidence
that should have been objected to . . . .").  The petitioner's
claims regarding unspecified objections that his counsel should
have made are insufficient to show his trial counsel was
ineffective, because he does not point to any meritorious
objection that his counsel failed to make.

     Finally, the petitioner's third basis for his ineffective
assistance claim is that his trial counsel had a conflict of
interest because he was formerly an attorney for the Securities
and Exchange Commission.  To succeed on a claim of ineffective
assistance based on his counsel's purported conflict of
interest, the petitioner must show that his counsel "actively
represented conflicting interests" and that "an actual conflict
of interest adversely affect[ed] his lawyer's performance."
Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980).  The petitioner
must demonstrate that his "counsel's interests diverged from the
[the petitioner's] on some material legal or factual issue and
resulted in an 'actual lapse in representation.'"  Triana v.
United States, 205 F.3d 36, 40 (2d Cir. 2000) (quoting Cuyler,
446 US at 351); see also United States v. Stantini, 85 F.3d 9,
16 (2d Cir. 1996).  "Such a lapse of representation occurs when

10

counsel, acting under a divided loyalty, forgoes some plausible alternative strategy of defense." Triana, 205 F.3d at 40 (citing Winkler v. Keane, 7 F.3d 304, 309 (2d Cir. 1993)); see also Stantini, 85 F.3d at 16.   "However, the burden of proof cannot be met by speculative assertions of bias or prejudice." Triana, 205 F.3d at 40-41 (citing Cuyler, 446 U.S. at 350; Strouse v. Leonardo, 928 F.2d 548, 552-53 (2d Cir. 1991); United States v. Jones, 900 F.2d 512, 519 (2d Cir. 1990)).   The petitioner merely points out that his trial counsel was a former attorney for the Securities and Exchange Commission.   This assertion is not sufficient to meet his burden of demonstrating a conflict of interest that adversely affected his attorney's performance.   Triana, 205 F.3d at 40-41; Strouse, 928 F.2d at 552; Jones, 900 F.2d at 519.   There is no basis to believe that the petitioner's trial counsel had any divided loyalty or that his representation of the petitioner was hampered in any way by the fact that he was a former lawyer for the Securities and Exchange Commission.

Accordingly, the petitioner's second claim for relief is **denied**.

11

**3.**

Third, the petitioner argues that, at trial, the Government withheld twenty-five taped phone conversations between the petitioner and the Government cooperating witness, Jeffrey Pokross, that would have proven the petitioner's innocence.  The petitioner asserts that the Government thereby committed a Brady violation.  The petitioner did not raise this argument on direct appeal.  The argument is both without merit and procedurally barred.

"The government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987) (citing United States v. Agurs, 427 U.S. 97 (1976), and Brady v. Maryland, 373 U.S. 83, 87 (1963)). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. (quoting United States v. Bagley, 473 U.S. 667, 682 (1985) (internal quotation marks omitted)).  The burden of proving that the Government failed to disclose such evidence lies with the petitioner, and "[c]onclusory allegations that the government 'suppressed' or 'concealed' evidence" are insufficient to satisfy this burden.  Harris v. United States, 9

12

F. Supp. 2d 246, 275 (S.D.N.Y. 1998) aff'd, 216 F.3d 1072 (2d Cir. 2000).

Here, the petitioner claims, without specificity, that the Government withheld twenty-five taped conversations between the petitioner and Pokross.  The petitioner does not point to any specific conversations, nor any specific tapes, much less as to how the conversations, if they were uncovered, would prove "material to guilt or punishment."  Furthermore, at trial, the government admitted multiple recorded conversations between Pokross, the petitioner, and others.  The government played these recordings in open court during the examination of Pokross.  (See, e.g., Tr. 691-96, 719-21, 733, 822-24, 931.).  The content of these conversations tended to support the petitioner's conviction rather than prove his innocence.  In its opposition to the current motion, the Government denies that any tapes were withheld (Gov't Mem. Opp. at 4), and there is nothing in the record to indicate that any tapes were withheld from the petitioner at trial.  The petitioner points to nothing to support his allegation that any tapes were withheld.  Therefore, these claims by the petitioner are insufficient to establish a Brady violation or to warrant an evidentiary hearing.  See United States v. Avellino, 136 F.3d 249, 261 (2d Cir. 1998) ("In the absence of a proffer by [the defendant] of any

13

nonspeculative basis for inferring that . . . the government had not made available to him all pertinent material in its possession, it was well within the discretion of the court to conclude that no evidentiary hearing was necessary"); Harris, 9 F. Supp. 2d at 275.

Accordingly, the petitioner's third claim for relief is **denied**.


**4.**

Fourth, the petitioner argues that at trial the Government failed to establish that investors lost any money as a result of his scheme.  However, at trial, the Government did present evidence establishing that the investors lost money as a result of the petitioner's stock manipulation scheme. (See, e.g., Tr. 168-84, 184-95, 258-302, 396-409, 515-26, 629-53, 698-715, 757-67, 767-83.)  In addition, this claim could have been raised on direct appeal, and the petitioner makes no argument for why it was omitted on direct appeal.  Because the petitioner has failed to show cause and prejudice or actual innocence, the petitioner is procedurally barred from raising this issue in his § 2255 petition.

Accordingly, the petitioner's fourth claim for relief is **denied**.

5.

Fifth, the petitioner argues that his convictions should be vacated because he was incompetent at the time of his trial and plea.  The Court carefully considered this contention when it was raised by new counsel who brought a motion pursuant to Federal Rule of Criminal Procedure 33 to vacate the petitioner's convictions.  The Court held an evidentiary hearing and rejected the claim on its merits, although the Court found that the defendant was incompetent to be sentenced at that time.  See United States v. Wolfson, 616 F. Supp. 2d 398, 415, 422 (S.D.N.Y. 2008).  The defendant was only sentenced after he regained competence, and he then appealed his convictions.  For the reasons explained in the opinion refusing to vacate the petitioner's convictions, see id., there is no merit to the petitioner's claim that he was incompetent at the time of his trial and plea.

Moreover, this claim could have been raised on the petitioner's direct appeal where the petitioner was represented by new counsel who had not represented him at the time of his trial and plea.  The petitioner failed to raise this claim on direct appeal of his convictions and has failed to make any showing of cause and prejudice or actual innocence.  The claim is thus procedurally barred.

15

Accordingly, the petitioner's fifth claim for relief is **denied**.

### Conclusion

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit.  The petitioner's motion to vacate or set aside his convictions pursuant to 28 U.S.C. § 2255 is **denied**.  Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.  The Clerk is directed to **close any pending motions and to close these cases.** **SO ORDERED.**

Dated:     **New York, New York**
                   **November _/2_, 2012**

                                                     _G. Koeltl_

                                                     **John G. Koeltl**
                                                     **United States District Judge**

16